# EPHRAIM SAVITT
*Attorney at Law*

260 MADISON AVENUE
SUITE 2200
NEW YORK, NEW YORK 10016
WWW.SAVITTESQ.COM

(212) 679-4470
FAX: (212) 679-6770
EPHRAIM@SAVITTESQ.COM

February 05, 2012

**BY ECF AND**
**BY TELEFAX 718-613-2416**

Honorable Judge Carol B. Amon
Chief United States District Judge
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    **Unites States v. Joseph Mazella,**
               **11-CR-300 (CBA)**

Dear Chief Judge Amon:

    Please be advised that one of the witnesses served with a court-ordered subpoena by the defense is John Paino. Mr. Paino is an attorney who worked in the offices of his uncle Joseph Mazella for over 4 years from 2005-09. Mr. Paino is represented by James Kousouros, Esq. The FBI interviewed Mr. Paino on several occasions. A FBI 302 report and Agent Robertson's handwritten notes were produced prior to trial as 3500 materials. We had intended to question Mr. Paino about statements he had made to the FBI during his debriefings. We believe Mr. Paino's statements benefit the defense by disclosing that he had "inherited" templates for investment/promissory notes and other documents associated with Mazella's transactions with clients who loaned his businesses money.

    Mr. Kousouros has advised that he has instructed his client Mr. Paino to invoke the 5th Amendment privilege instead of answering questions on the stand. We have a professional dispute as to whether Mr. Paino has a privilege to invoke as to the questions we intend to ask him. I have attached an email message from me to Mr. Kousouros outlining our position. I therefore ask the Court to conduct a short hearing outside the jury's presence to allow us to present a record on this dispute and for the Court to issue a ruling as to Mr. Paino's right to invoke the privilege based on that record. In that regard, I invite Your Honor's attention to the principles discussed by former Chief Judge Weinstein in United States v. Uvino, 590 F.Supp. 2d 372 (EDNY 2008). Also see Gaskins v. McKellar, 916 F.2d 941, 950 (4th Cir. 1990) (trial court "must make a proper and particularized inquiry into the legitimacy and scope of witness'[s] assertion of the privilege"); United States v. Castro, 129 F.3d 226, 229 (1st Cir. 1997)( the privilege operates on a question-by-question basis). A "witness may be totally excused…[only] if the court finds that he could legitimately refuse to answer any and all relevant questions." Gaskins, 916 F. 2d at 950.

    I thank Your Honor for your courtesy and consideration.

Respectfully submitted,

Ephraim Savitt