# EPHRAIM SAVITT

*Attorney at Law*

260 MADISON AVENUE  
SUITE 2200  
NEW YORK, NEW YORK 10016  
WWW.SAVITTESQ.COM

(212) 679-4470  
FAX: (212) 679-6770  
EPHRAIM@SAVITTESQ.COM

February 15, 2012

## *BY ECF AND TELEFAX 718-613-2416*

**Honorable Carol B. Amon**  
**Chief United States District Judge**  
**United States Courthouse**  
**Eastern District of New York**  
**225 Cadman Plaza East**  
**Brooklyn, NY 11201**

        Re:    <u>Unites States v. Joseph Mazella,</u>  
                  11-CR-300 (CBA)

Dear Chief Judge Amon:

      Please forgive me for this late-in-the-day report, as per the Court's direction, regarding posting Mr. Mazella's father Joseph Mazella II's annuity as further collateral for my client's continued release on bail pending sentencing. As the Court is aware, his father is afflicted with irreversible terminal cancer and is not expected to live much longer.

      Mr. Mazella's sister Deborah Lindsey, who is their parents' caretaker and is designated, by their powers of attorney, to act on their behalf, was just advised by ING USA Annuity and Life Insurance Company that the annuity account cannot be encumbered pursuant to the annuity contract provisions.

      As such, not only will the father, through Ms. Lindsey's action, have to incur expenses for withdrawing the over $90,000 principal in order to post that money to secure a modified bail release bond, but in doing so, will forfeit the guaranteed death benefit under the annuity policy of over $176,000. That would be their mother's "nest egg" following the death of their father.

      My client Mr. Mazella had already advised me that he does not want to cause any additional financial hardship for his family, particularly his parents, and especially through the forfeiture of the death benefits which his mother will need to defray her expenses for the remainder of her life. He has asked me to convey to the Court his application, as an alternative: 1) to remain under strict home confinement, with no allowances except for Court appearances, conferences in my office related to sentencing, or medical emergencies, under the existing bail conditions; 2) with the addition of his daughter Stephanie and son Joseph IV, as suretors who would become $2 million judgment debtors with accruing interest for the rest of their lives, should he violate any of his bail conditions; 3) to continue for a period of one month, until March 15, 2012, on which day he will self-surrender to the MDC Brooklyn pending sentencing;

4) in order to help his wife and children wind up their affairs during the next several weeks and gather their personal belongings for a change of residence to the Scottsdale, Arizona home of his parents before he self-surrenders and his parents and family members are released as suretors.

Whether the government opposes this application, which I fear it may, or agrees to it, I respectfully ask for a Court status conference this coming Friday, February 17, 2012, at 2 p.m. or at a later time that is convenient for the Court, following Mr. Mazella's recently scheduled presentence interview that day beginning at 11 a.m. at the U.S. Probation office. Alternatively, should the Court's schedule so require, I ask the status be set for 11 a.m. or later that morning and I will reschedule the PSR interview for the afternoon.

I thank Your Honor for your courtesy and consideration of my request.

Respectfully submitted,

Ephraim Savitt

Cc: All counsel (ECF)
P.O. Victoria Aguilar
Pretrial Services Officer, Electronic Monitoring Unit,
Ana Lee (by fax (718) 613-2488)